**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

DENISE VAN DYKE,                               No. 1:20-cv-06158-NLH

        Appellant,

    v.                                        **OPINION**

ALLY FINANCIAL INC., et al.,

        Appellees.

**APPEARANCES:**

DENISE VAN DYKE
38 N. DELANCEY PLACE
ATLANTIC CITY, NJ 08401

    *Appellant appearing* pro se.

WILLIAM E. CRAIG
MORTON & CRAIG, LLC
110 MARTER AVENUE
SUITE 301
MOORESTOWN, NJ 08057

    *Attorney for Appellee Ally Financial Inc.*

**HILLMAN**, District Judge

    This matter has come before the Court on *pro se* Appellant Denise Van Dyke's appeal of the Bankruptcy Court's May 14, 2020 Order granting Appellee Ally Financial Inc.'s Motion to Dismiss all claims against it in the underlying adversary proceeding. For the reasons expressed below, the Bankruptcy Court's Order will be affirmed.

## BACKGROUND

On October 7, 2013, Appellant Denise Van Dyke and her husband purchased a 2013 Chevrolet Equinox vehicle from Bennett Chevrolet.  As part of the purchase, the Van Dykes executed a Retail Installment Sales Contract that was simultaneously assigned to Appellee Ally Financial Inc.

On February 24, 2020, Appellant, proceeding *pro se*, filed a voluntary Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District Of New Jersey.  (Case No. 20-13000-ABA, ECF No. 1).  On March 6, 2020, Appellant, again proceeding *pro se*, filed a related adversary proceeding against Ally Financial, Inc., Ally Servicing LLC, Bennett Chevrolet Inc., and General Motors Company.  (Case No. 20-01150, ECF No. 1).  Van Dyke's adversary complaint is difficult to follow, but mostly appears to attack the legal validity of the Retail Installment Sales Contract and the right of Ally to file a Proof of Claim in the bankruptcy case, while also asserting unspecified constitutional and statutory claims.

On April 3, the Ally parties filed a motion to dismiss the claims brought against them.  (Case No. 20-01150, ECF No. 3).  Bankruptcy Court Judge Andrew B. Altenburg Jr. held a hearing on the motion to dismiss on May 12, 2020.  A May 14 Order from Judge Altenburg followed, granting Ally's motion to dismiss all claims against them.  (Id., ECF No. 8).  Appellant, proceeding

2

*pro se* once more, then filed the present appeal to this Court, seeking reversal of the May 14 Order.  (ECF No. 1).  Appellee Ally Financial Inc. has filed a response brief, arguing that the present appeal is moot, and that even if it was not moot, that the Bankruptcy Judge's Order should be affirmed.  (ECF No. 4).

## DISCUSSION

### A. Jurisdiction

This Court has jurisdiction over the appeal from the Bankruptcy Court's May 14, 2020 Order pursuant to 28 U.S.C. § 158(a), which provides in relevant part: "The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees ... of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving."

### B. Standard of Review

In reviewing a determination of the bankruptcy court, the district courts "review the bankruptcy court's legal determinations de novo, its factual findings for clear error and its exercise of discretion for abuse thereof."  Reconstituted Comm. of Unsecured Creditors of the United Healthcare Sys., Inc. v. State of N.J. Dep't of Labor (In re United Healthcare Sys.),

396 F.3d 247, 249 (3d Cir. 2005) (quoting Interface Grp.-Nev. v. TWA (In re TWA), 145 F.3d 124, 130-31 (3d Cir. 1998)).

**C. Analysis**

Appellant's brief is difficult to parse, and the arguments Appellant is making for reversal of the Bankruptcy Court's May 14 Order just as difficult to follow. The Court's review of the brief reveals that it consists of a table of contents, followed by a handful of pages of original writing that are quickly replaced with a larger number of pages that appear to simply be unlabeled and undistinguished passages from Appellant's complaint and her brief opposing Ally's motion to dismiss in the adversary proceeding.

For the sake of thoroughness, however, the Court has closely read Plaintiffs' original complaint to determine exactly which claims she brought, the dismissal of which she may now be attempting to appeal. While Appellant's original complaint is similarly difficult to follow, she appears to have asserted essentially four types of claims: (1) arguments that any Proof of Claim filed by Ally is improper because the Sales Contract and other underlying documentation related to the purchase of the vehicle are invalid, null, and void, and therefore Ally lacks standing to assert a proof of claim; (2) that the Sales Contract violates "TILA and other federal rules"; (3) that the Sales Contract violates "constitutional and consumers rights";

4

and (4) that Ally and the other defendants in the adversary proceeding have unjustly enriched themselves because the Sales Contract was unsigned and she did not consent to the assignment to Ally.

While the Court does not hold *pro se* briefs to the same standards as those of parties represented by counsel, it notes that Appellant's brief largely fails to clearly explain her bases for appeal. However, the Court finds that it need not dig too deeply in attempting to decipher exactly why Appellant believes the Bankruptcy Court's May 14 Order should be reversed as to some of her original claims. As mentioned above, Appellee Ally Financial Inc.'s first argument in its appellate brief is that this appeal must be dismissed as moot. Appellant is appealing a ruling dismissing all claims against Ally by the Bankruptcy Court in an adversary proceeding connected to her underlying Chapter 13 bankruptcy proceeding. However, as Ally notes, that underlying bankruptcy proceeding was dismissed by the Bankruptcy Court on June 19, 2020, and the case itself was fully closed on November 5, 2020.

"Article III of the Constitution restricts the power of federal courts to 'Cases' and 'Controversies.'" Chafin v. Chafin, 568 U.S. 165, 171, 133 S. Ct. 1017, 185 L.Ed.2d 1 (2013). Faced with an appeal of a bankruptcy court's order, this Court "may not decide questions that cannot affect the

5

rights of litigants in the case before [it]." In re Knaak, 825
F. App'x. 83, 86 (3d Cir. 2020) (citing Chafin, 568 U.S. at
172).  A case "becomes moot only when it is impossible for a
court to grant any effectual relief whatever to the prevailing
party." Chafin, 568 U.S. at 172.  This is because "[i]n the
bankruptcy context, the determination of whether a case becomes
moot on the dismissal of the bankruptcy hinges on the question
of how closely the issue in the case is connected to the
underlying bankruptcy." Tellewoyan v. Wells Fargo Home Mortg.,
No. 05-4653 (FLW), 2006 WL 2331108, at *1 (D.N.J. Aug. 10, 2006)
(quoting In re Pattullo, 271 F.3d 898, 901 (9th Cir. 2001)).

     The Third Circuit has previously recognized that "[t]he
dismissal of a bankruptcy case may moot an appeal arising from
the debtor's bankruptcy proceedings." In re Knaak, 825 F.
App'x. at 86.  In some circumstances "adversary claims may not
become moot when a related bankruptcy case is dismissed," but
the Third Circuit has held that such claims are moot when they
are "dependent on the existence of the bankruptcy." Id.
Importantly for this appeal, the Third Circuit explicitly held
in In re Knaak that adversary claims focused on standing to file
a proof of claim in an underlying bankruptcy action, or
asserting "that the proof of claim is invalid or that the loan
documents upon which" the proof of claim is based are null and
void, become moot upon dismissal of the underlying bankruptcy

action.  Id. at 86-87.  This is because "success on this argument would have no effect," since the bankruptcy case has been dismissed and the party is therefore not asserting a proof of claim against the Appellant.  Id. at 87.

Here, the Court finds that Appellant's most clearly defined claims - that Ally cannot properly file a proof of claim in the bankruptcy action - are moot for the same reason.  At their core, these claims focus on her belief that the Sales Contract and other underlying documentation that would serve as the basis for a proof of claim filed by Ally related to her car purchase were invalid, and that Ally therefore has no standing to file such a proof of claim.  For this reason, the central relief requested by Van Dyke in her complaint against Ally was for the Bankruptcy Court to declare the Sales Contract and Vehicle's Order "Null and void," and to "(s)trike Proof Of Claim from Ally Financial" and "prohibit any further Proof Of Claim."  (Case No. 20-01150-ABA, ECF No. 1 at 11-12).

To some extent, it appears that this appeal is centered on this specific argument.  This reading of the appeal is supported by Appellant's own appellate brief, which appears to directly focus on the validity of Ally's Proof of Claim and arguments for why Ally did not have standing to file it.  Appellant states herself in her brief's "Introduction" that "This adversary proceeding is commenced, because Defendant's Counsel filed a

questionable, defective Proof of Claim . . ."  (ECF No. 4 at 20).  And while the brief is disorganized and appears to consist of multiple separate documents, Appellant's Table of Contents outlines two of her central arguments as being:

- "Appellee's Proof of Claim and supporting docs are defective and unsupportive for any legal matter for the loan and raises legitimate legal issues of a creditors legal standing to file any pleadings or collecting on a debt,"

- "The US Bankruptcy Court Judge's error for not applying the rule of 'Unclean Hands' used in Equity Disputes and especially regarding the fact, that the US Bankruptcy Court accepted defective non-supporting paperwork for the Proof of Claim to support the alleged and challenged secured creditors legal standing in there and all pleadings. The court erred in accepting such un-authentic [sic] documentation, especially filed by a Third-Party."

(ECF No. 4 at 3).

Appellant further raises as an additional question on appeal whether "Sales Installment Contracts with Assignment of Interest are legal, if the contract are signed by all parties at the date the contract was executed" — yet another argument focused on proving that the documents underlying Ally's proof of claim are invalid.  (ECF No. 4 at 14).

As the Third Circuit held in In re Knaak, this Court simply cannot decide these questions, as they can no longer impact the litigants before it.  With Appellant's underlying bankruptcy case long since dismissed and closed, and any concerns regarding Ally's filing of a proof of claim in that case therefore

8

extinguished, success on these arguments here and in the adversary proceeding would have no effect.

As noted above, however, Van Dyke's complaint in the adversary proceeding did attempt to assert several other claims not directly related to undermining Ally's proof of claim. However, it is unclear to what extent Appellant actually intended to appeal the dismissal Order as to any of these other claims. While her brief does include mention of these additional claims, they appear to largely be direct passages taken from her original complaint and her brief opposing the motion to dismiss, with little explanation given as to whether she is actually appealing the dismissal of those claims or what her bases for appeal of them would be.

Instead, Van Dyke's appellate brief here only makes original references to those claims in her brief in the context of arguing the "legality of the [Sales] contract, which should have been cancelled and void Ab lnitio," and her reasons for believing any proof of claims to be invalid and improper. (See ECF No. 3 at 2-3). As far as the Court can tell, Appellant appears to focus her appeal on this contention, as the passages quoted above from her table of contents demonstrate. To the extent that Appellant is appealing the dismissal of her other claims solely for the purpose of arguing that any proof of claim filed by Ally would be invalid, her appeal is again moot.

However, while Appellant's bases for appeal of her other claims is unclear, for the sake of thoroughness the Court will briefly address the Bankruptcy Court's dismissal of those claims.  First, Appellant asserted in her complaint in the adversary proceeding that, in some undefined manner, the Sales Contract and the defendants' actions constitute violations of the "TILA and other federal rules" as well as "constitutional and consumers rights."  (Case No. 20-01150-ABA, ECF No. 1, ¶¶ 9 and 15).  The Bankruptcy Court interpreted "TILA" to mean the Truth in Lending Act, and found that Van Dyke had failed both in her brief opposing the motion to dismiss and at the May 12, 2020 oral argument to specify exactly which TILA provisions, Constitutional rights, or consumer protection statutes had been violated.  (Case No. 20-01150-ABA, ECF No. 8 at 5).  The Court's review of the adversary complaint reaches the same conclusion — at no point does Van Dyke state any specific rights or provisions that she relies on as the basis for her claims.

Nor does Appellant's appellate brief assert that she had further clarified the specific constitutional or statutory provisions that had been violated at the May 12, 2020 hearing, or make any clearer exactly what valid constitutional or statutory claims she was or is attempting to pursue.  Instead, Appellant appears to mostly assert that Bankruptcy Judge Andrew B. Altenburg Jr. violated her due process or Fourth Amendment

10

rights by asking her questions about her claims at the hearing for Ally's Motion to Dismiss in the adversary proceeding, and questioning whether the Bankruptcy Court considered her opposition briefing in its ruling.

It should be uncontroversial to state that a court asking a party to explain more clearly what claims they are attempting to assert, in a hearing addressing a motion to dismiss those claims, is neither improper nor a violation of the party's rights.  And the Bankruptcy Court's Order directly acknowledges Van Dyke's opposition brief as one of the documents it considered in deciding the motion before it.  See id. at 2. Accordingly, the Court affirms the Bankruptcy Court's dismissal of Appellant's undefined statutory and constitutional claims.

The only other claim raised by Van Dyke in the adversary proceeding is her claim for unjust enrichment.  Again, the only reference to her unjust enrichment claim in her appellate brief appears to simply be a copy and pasted section from her original complaint, with no additional argument as to why the Bankruptcy Court's dismissal of the claim should be reversed.  Regardless, the Court easily finds that the Bankruptcy Court's Order should be upheld on this front as well.  Appellant's unjust enrichment claim is premised on two arguments: that there was no contract between her and the defendants because the Sales Contract was not signed, and that she never consented to the assignment to

11

Ally.  As the Bankruptcy Court noted, however, the Sales Contract as introduced into the record clearly bears the signatures of all parties, and Appellant not only did not need to consent to assignment, but the Sales Contract itself, which Van Dyke signed, explicitly assigns interest in the contract to Ally.  (Case No. 20-01150-ABA, ECF No. 3-2, Ex. A). Accordingly, to the extent that Appellant did intend to appeal the dismissal of her unjust enrichment claim, the Bankruptcy Court's Order will again be affirmed.

For these reasons, the Court finds that Appellant's appeal is moot as to her arguments regarding the validity of Ally's proof of claim.  To the extent Appellant intended to appeal the dismissal of her other claims, the Court further finds that the Bankruptcy Court correctly held that Appellant had failed to adequately state any claims against Ally, and will affirm the Order of dismissal.

<u>**CONCLUSION**</u>

For the reasons expressed above, the Court will affirm the Bankruptcy Court's May 14, 2020 Order, and Appellant's appeal will be dismissed.

An appropriate Order will be entered.


Date: March 23, 2021                    /s Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.